UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| TRUSTEES OF THE HEATING, PIPING AND REFRIGERATION PENSION FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> S.E.C. HEATING & A/C/ MECHANICAL SERVICE LLC, <br><br> Defendant. | Misc. Action No. 1:20-mc-00030 |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiffs' Motion to Show Cause [Dkt. No. 14]. After Defendant failed to appear at the September 3, 2021 Show Cause Hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation. Upon consideration of the Plaintiffs' Motion to Show Cause and Defendant's failure to comply with this Court's Orders, the undersigned Magistrate Judge makes the following findings and recommends the Plaintiffs' Motion be **GRANTED**.

### I.   PROCEDURAL HISTORY

Plaintiffs are Boards of Trustees of various employee benefit funds governed by the Employee Retirement Income Security Act of 1974. Pls.' Mem. in Supp. of Mot. to Show Cause at 1, Dkt. No. 14-1. Plaintiffs brought an action against Defendant S.E.C. Heating & A/C Mechanical Service LLC ("SEC Heating") alleging that it owed delinquent contributions, interest, liquidated damages, and attorneys' fees pursuant to the terms of a collective bargaining agreement

1

and Restated Agreements and Declarations of Trust. *Id.* On July 2, 2020, judgment was entered against Defendant SEC Heating in the United States District Court for the District of Maryland. *See Trustees of the Heating, Piping & Refrigeration Pension Fund v. S.E.C. Heating & A/C Mechanical Service LLC*, Case No. 1:20-cv-00131-CCB (D. Md. July 2, 2020). Plaintiffs subsequently registered their judgment in this District. [Dkt. No. 1].

On April 21, 2021, when SEC Heating failed to respond to Plaintiffs' post-judgment discovery requests, Plaintiffs filed a Motion to Compel. [Dkt. No. 10]. On May 14, 2021, the Court held a hearing and ordered Defendant to respond to Plaintiffs' requests for the production of documents and requests for answers to interrogatories within ten days from the date of the Order and awarded attorneys' fees in the amount of $780.00. [Dkt. No. 13 at 1]. That same day, the Court's Order was properly served on Defendant at his physical mailing addresses on file. *Id.* To date, Defendant has failed to comply with the Court's May 14, 2021 Order. Pls.' Mem. in Supp. of Mot. to Show Cause at 2; Ex. 1, Declaration of Jacob N. Szewczyk, ¶ 4.

On July 21, 2021, in response to Defendant's failure to comply with the Court's May 14, 2021 Order, Plaintiffs filed a Motion for Order to Show Cause. [Dkt. No. 14]. The undersigned magistrate judge held a hearing on the Motion for Order to Show Cause on August 20, 2021. At the conclusion of the hearing, the undersigned ordered Defendant to file a detailed pleading with the Court by Monday, August 30, 2021, to show cause and explain why it failed to comply with this Court's May 14, 2021 Order and why it should not be held in civil contempt. [Dkt. No. 18]. The Court further ordered the Defendant to appear for a Show Cause Hearing on September 3, 2021 unless its written response to the Court provided sufficient basis to cancel the hearing. *Id.* The Court's May 14, 2021 Order was promptly served on Defendant at his physical mailing addresses on file. *Id.* Because the Defendant failed to file a written response pursuant to the

Court's Order, a Show Cause Hearing was held on September 3, 2021. *Id.* After the Defendant failed to appear at the hearing, the undersigned took this matter under advisement to issue this Report and Recommendation. [Dkt. No. 19].

## II.     ANALYSIS

The Court possesses inherent authority to exercise civil contempt powers and such authority extends to situations in which a Magistrate Judge's orders are violated. 28 U.S.C. § 636(e); *Bralley v. Carey*, 2012 U.S. Dist. LEXIS 15191, at *7 (E.D. Va. Feb. 2, 2012).  Section 636(e)(6)(B) of the statute further provides that when a person commits an act that constitutes civil contempt, the magistrate judge shall forthwith certify the facts to a district judge and the district judge shall thereupon hear the evidence as to the act complained of, and if it is such as to warrant punishment, shall issue such punishment.  This circuit employs a four part test to determine whether sanctions are appropriate for noncompliance with a discovery order: (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would have been effective. *Anderson v. Found. for Advancement, Educ., & Emp't of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998).  In this case, an analysis of the four factors warrants a recommendation that the sanction of contempt of court is appropriate for Defendant's failure to comply with all of the Court's orders issued as of this date, and its failure to appear at the show cause hearing.

First, the undersigned finds that Defendant acted in bad faith when it failed to comply with the Court's May 14, 2021 Order.  *See McDonald v. Robinson*, 2018 U.S. Dist. LEXIS 219042, at *12 (E.D. Va. Dec. 26, 2018) (citing to *Rabb v. Amatex Corp.*, 769 F.2d 996, 1000 (4th Cir. 1985) (holding that bad faith includes willful conduct where the party clearly should have understood his

3

duty to the court but nonetheless deliberately disregarded it)). As evidenced by supporting documentation filed with this Court, counsel for the Plaintiffs served the Motion to Compel and Motion to Show Cause by first class mail to ensure Defendant had notice of these proceedings. [Dkt. Nos. 10-4, 14-4]. Furthermore, this Court communicated Defendant's obligations through its Orders issued subsequent to the Motion to Compel and show cause hearings. [Dkt. Nos. 13, 18]. Defendant failed to respond to any of the Plaintiffs' or the Court's communications and failed to appear at the hearings for Plaintiffs' Motion to Compel and Motion to Show Cause. Therefore, the undersigned concludes that Defendant acted in bad faith when it failed to obey this Court's orders and honor its obligation to comply with post-judgment discovery.

Second, Defendant's failure to comply with the Court's order has prejudiced Plaintiffs. In that regard, Plaintiffs are unable to execute on their judgment against Defendant SEC Heating because Defendant failed to provide any records or information necessary for Plaintiffs to collect their judgment. Pls.' Mem. in Supp. of Mot. to Show Cause at 3. Furthermore, Plaintiffs continue to incur legal fees in their efforts to seek SEC Heating's compliance with its legal obligations. *Id.*

Third, the need for deterrence weighs in favor of a severe sanction, such as contempt of court. Continued non-compliance with this Court's orders is not tolerated by this Court. Defendant was required to respond to Plaintiffs' requests for the production of documents and requests for answers to interrogatories by no later than May 24, 2021. To date, Defendant has failed to comply with the Court's order. Defendant was also ordered to appear at the September 3, 2021 show cause hearing but failed to appear. Additionally, Defendant failed to respond to this Court's August 20, 2021 Order directing him to explain why it failed to follow its prior Order to Compel. [Dkt. No. 18]. This Court is concerned that Defendant will not satisfy its obligations absent a severe sanction. Furthermore, alternative sanctions such as trial-related sanctions would

be inappropriate since there is no case pending in this district or any other district. Therefore, the undersigned finds contempt of court to be an appropriate sanction.

Finally, the undersigned finds that imposing any less sanction than contempt of court would not be appropriate because Plaintiffs continue to suffer harm due to Defendant's non-compliance. Plaintiffs lack documents necessary to satisfy their judgment and continue to incur legal fees in their continued efforts to obtain documents from Defendant. Defendant SEC Heating has repeatedly failed to comply with its post-discovery obligations and this Court's orders. Thus, the undersigned finds the sanction of civil contempt to be appropriate under the circumstances.

### III.     RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge finds that Defendant violated this Court's May 14, 2021 and August 20, 2021 Orders, and failed to appear at the show cause hearing on September 3, 2021. Therefore, the undersigned recommends that Plaintiffs' Motion to Show Cause be **GRANTED**, and that Defendant be held in civil contempt of court. Further, it is recommended that an Order be entered directing Defendant to produce all responsive documents within 10 days of the date of the Court's Order, and if Defendant fails to comply, the undersigned further recommends Defendant be ordered to pay a coercive fine of $250 per day until it complies with its post-discovery obligations, and all reasonable costs and attorney's fees incurred by the Plaintiffs in filing their Motion to Compel and Motion to Show Cause.

### IV.     NOTICE

**By mailing copies of this Report and Recommendation, the Court notifies the parties as follows.  Objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and**

**Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendant at the following addresses:

    S.E.C. Heating and A/C Mechanical Service, LLC
    Attn: Heidi Cruz
    2331 Drake Lane
    Fredericksburg, VA 22408

    S.E.C. Heating and A/C Mechanical Service, LLC
    Legaline Corporate Services, Inc., Resident Agent
    440 Monticello Ave., Ste 1800
    Norfolk, VA 23510

                                              /s/ Ivan D. Davis
                                              Ivan D. Davis
                                              United States Magistrate Judge

November 22, 2021

Alexandria, Virginia